# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EUGENE BARBER, | Case No.  1:25-cv-01052-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT |
| v. | |
| NAVARRETE, *et al.*, | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff James Eugene Barber ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on August 21, 2025, is currently before the Court for screening.  (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.       Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Corcoran.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff names the following defendants: (1) Officer Jose Navarrete (also referred to as Defendant A); (2) Officer Carlos Huerta-Silva (also referred to as Defendant B); (3) Sgt. Ryan Dyer (also referred to as Defendant C); (4) Lt. Larry Moore (also referred to as Defendant D); and (5) KVSP.

Claim I

In Claim I, Plaintiff alleges that Defendant Huerta-Silva physically tackled him to the ground on November 7, 2024, while responding to an "alarm code" alleging an incident.  While Plaintiff was being tackled, his pants were below his waist.  Plaintiff fell to the ground on his bottom rear and Defendant Huerta-Silva was holding a state issued expandable baton.  Defendant Huerta-Silva struck Plaintiff in his head area multiple times, nearly 3 to 6 times, with the "'bottom' and front of the hand held baton without need."  (ECF No. 1 at 5.)  Plaintiff lifted his right hand over his head to stop the hard blows and got cuts on his hand.  "As well as the slash, cut on [his] hand bleeding the deep cut slash on [his] head begin [sic] to bleed . . . ."  (*Id.*)

///

2

Claim II

In Claim II, Plaintiff alleges "Defendant (C) Kern Valley State Prison" denied him the right to medical care involving an alleged incident occurring on November 7, 2024.  (ECF No. 1 at 6.)  Plaintiff contends he was assaulted by another defendant and was denied medical by the staff and "Defendant (C) had been present while the responding medicare assisting team responded.  The Jane Doe nurse was doing her duties when she saw Plaintiff's head injuries.  Jane Doe came to the area "when Defendant (C) and Defendant (B) had Plaintiff detained on the floor, bleeding from the head area from a deep gash.  Plaintiff alleges that is "when defendant (E) responding staff's denied [his] server medicare and the 'AVSS' witness the [traumatic] incident." (Id.)  Plaintiff therefore concludes that "defendant (E) had lacked to give [Plaintiff] the rightful medicare services needed." (Id.)

Claim III

In Claim III, Plaintiff alleges "Defendant (A) Jose, Navarrete had unwanted and physically tended to go beyond his trained duties to 'pull' my pant's down below my waist and also tried to gain contain hold onto me, while my genitals and bottom area exposed." (ECF No. 1 at 7.)  Plaintiff further alleges that "defendant (A) had slowly graze my bottom while after pulling my pant's down." (Id.)  Plaintiff claims that he instantly felt a threat for his safety and tried to remove the defendant's grasp.  Plaintiff also claims that the "officer duties was tended from a stint of [harassment] prior to the incident and the defendant had pulled my pant's down in a sexual nature making me fear for my safety and other's.  On November 7th, 2024 at approximately 16:00:00." (Id.)

Claim IV

In Claim IV, Plaintiff alleges:

> On, November 7th, 2024, Defendant (C) and Defendant (D) violated my Eighth Amendment right by supervision the John, Doe Correction Officer's who had searched and inventory my property in my living quarter's and have completely lost and abandoned my personal property I've done reached the limit to calmly seek help to recover my property from the defendant (C), (D) to no avail the defendant's located any of my property and Defendant (E) has been involved in violating my Eighth Amendment.

(ECF No 1 at 8.)  Plaintiff asserts that his injury is lost and abandoned property, as well as

emotional distress.  (*Id.*)

Claim V

In Claim V, Plaintiff alleges that Defendant (E), Defendant (C), and Defendant (D) also violated his Fourteenth Amendment rights "by retaliation of being kept in a small unhumane [sic] cage for over 10 hours without a bathroom break, water break and denial of the night time medication [distribution] it was clear an violation of retaliation cause of the alledged [sic] incident.  On November 7th, 2024 approximately [sic] 18:00:00 through November 8th, 2024 was the violation the follow defendant's (E), (C), (D) violated."  (ECF No. 1 at 9.)

Relief

As relief, Plaintiff seeks $25,000.  (ECF No. 1 at 10.)

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim for relief.  As Plaintiff is proceeding *pro se*, he will be given an opportunity to amend his complaint to cure the deficiencies identified by the Court.  To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to the claims.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but it is not a plain statement of his claims.  Plaintiff fails to clearly state what happened, when it happened, and who was involved.  Allegations in the complaint are disjointed and conclusory.  Additionally, Plaintiff's reference to defendants by letters, rather than their names, is confusing and fails to clearly link the individual defendants to

4

the allegations in his complaint.  If Plaintiff elects to file an amended complaint, Plaintiff must clearly state what happened, when it happened, and who was involved.

### B.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to adequately link certain named defendants to the allegations in his complaint.  For example, in Claim II, Plaintiff fails to adequately link Defendants (C) and (E) to the allegations involving medical care, making it unclear which defendant or defendants are alleged to have violated his rights.  In Claim III, Plaintiff fails to link Defendants (C), (D), and (E) to allegations concerning his property.  Simply lumping defendants together is not sufficient to state a claim.  Further, Plaintiff's use of letters, not names, to identify the defendants makes it difficult to ascertain which defendant is alleged to have acted or failed to act in violation of Plaintiff's rights.  In any amended complaint, Plaintiff must clearly link the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.

### C.    Eleventh Amendment Immunity

Plaintiff cannot pursue claims for monetary damages against KVSP (or presumably Defendant (E)) in this action.

"The Eleventh Amendment bars suits for money damages in federal court against a state,

its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

### D.    Supervisory Liability

Although not entirely clear, Plaintiff may be seeking to impose supervisory liability against Defendants Byer and Moore in this action.  However, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Supervisory liability may not be imposed against Defendants Byer and Moore for the

6

actions of other KVSP defendants or officers.  Plaintiff has not adequately alleged that these supervisory defendants participated in or directed any of the alleged violations or implemented a policy so deficient that it was the moving force of any constitutional violation.  In Claims IV and V, Plaintiff presumably references Defendant Byer and Moore (Defendants (C) and (D)), but he fails to include any factual allegations involving prison policies or linking the actions of these supervisory defendants to any deprivation of Plaintiff's rights.  Plaintiff's conclusory allegations are not sufficient to state a cognizable claim.

### E.    Eighth Amendment

#### 1.  Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S.

at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

In Claim I, Plaintiff alleges Defendant Huerta-Silva tackled him and struck him in the head with a handheld baton multiple times "without need," resulting in injury to Plaintiff's head and hands. These sparse allegations, without more, are insufficient to state a cognizable claim for excessive force. Plaintiff does not allege the circumstances surrounding the incident, including the "alarm code" to which Defendant Huerta-Silva was responding, the nature and extent of Plaintiff's injuries, or other allegations to demonstrate that Defendant Huerta-Silva acted maliciously or sadistically.

### 2. Medical Care

The basis of Plaintiff's Eighth Amendment claim regarding medical care is unclear. A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

8

"the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

In Claim II, it is unclear whether Plaintiff is attempting to assert a claim against Defendant Dyer or Defendant KVSP, or both.  As noted above, if Plaintiff is attempting to assert a claim against Defendant KVSP for monetary damages, he may not do so in this action as the Eleventh Amendment bars such a claim.  If Plaintiff is attempting to assert a claim against Defendant Dyer related to medical care, he has failed to state a cognizable claim.  Plaintiff's complaint fails to adequately link Defendant Dyer to the allegations.  Plaintiff's complaint fails to include sufficient allegations to demonstrate that Defendant Dyer (or any other named defendant) was deliberately indifferent to a serious medical need.  Plaintiff's statement that he was denied his "medicare" is, at best, conclusory.  In any amended complaint, Plaintiff must include sufficient factual allegations demonstrating that Defendant Dyer (or any other defendant) was deliberately indifferent to a serious medical need.

### 3.  Sexual Misconduct

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the

Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

In Claim III, Plaintiff's complaint fails to state a cognizable claim for sexual misconduct against Defendant Navarrete.  Plaintiff alleges that Defendant Navarrete pulled Plaintiff's pants down below his waist and tried to gain/contain/hold onto Plaintiff and then slowly grazed Plaintiff's bottom.  The circumstances involving Defendant Navarrete are unclear.   Plaintiff's complaint does not include factual allegations demonstrating that Defendant Navarrete acted with a sufficiently culpable state of mind or that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  Plaintiff's complaint also does not include factual allegations demonstrating that Defendant Navarrete acted or engaged in sexual conduct for his own sexual gratification or for the purpose of humiliating, degrading, or demeaning Plaintiff. Plaintiff's conclusory allegations are not sufficient.

### 4.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer*, 511 U.S. at 832; *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must

10

"show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731.

Temporary placement in administrative segregation or a holding cell has been found not to rise to the level of a constitutional violation. *See Stafford v. Doss*, No. 2:16-CV-1403-JAM-DMC, 2021 WL 3563490, at *12 (E.D. Cal. Aug. 12, 2021) (four hours in temporary holding cell did not rise to level of Eighth Amendment violation), report and recommendation adopted, 2021 WL 4356036 (E.D. Cal. Sept. 24, 2021); *see also Anderson*, 45 F.3d 1310, as amended, 75 F.3d 448 (9th Cir. 1995) (placement in administrative segregation for "most of the day" did not satisfy objective prong of Eighth Amendment).

Plaintiff fails to state a conditions of confinement claim. Plaintiff alleges that on November 7, 2024, he was placed in a cage for approximately 10+ hours without a bathroom break, water break, or his nighttime medication. Plaintiff has not alleged a serious condition violative of the Eighth Amendment by these temporary conditions. *Anderson*, 45 F.3d at 1315 (no constitutional violation for placement in safety cages where plaintiffs had not shown that sanitary limitations imposed upon them were more than temporary); *Chiprez v. Warden*, No.1:21-cv-00668-DAD-BAM (PC), 2021 WL 3662390, at *3 (E.D. Cal. Aug. 18, 2021), report and recommendation adopted sub nom. *Chiprez v. Warden*, No. 1:21-cv-00668-DAD-BAM PC, 2021 WL 4192035 (E.D. Cal. Sept. 15, 2021), aff'd, No. 21-16588, 2022 WL 4298143 (9th Cir. Sept. 19, 2022) ("Temporary deprivations of sanitation, water, and shelter that last only a short amount of time and do not pose a serious threat of harm to the prisoner do not give rise to deprivations

11

that are sufficiently serious to support an Eighth Amendment claim."). Further, Plaintiff fails to link any defendant to his placement in the cell or to demonstrate that any defendant knew of any alleged deprivations.

### F.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's complaint fails to state a cognizable retaliation claim. Plaintiff does not allege that any defendant took adverse action against him because of any protected conduct and that such action chilled the exercise of his First Amendment rights. In any amended complaint, to state a claim for retaliation, Plaintiff must include factual allegations demonstrating that a named defendant(s) took an adverse action against him because of his protected conduct and that such action chilled his exercise of his First Amendment rights.

### G.    Fourteenth Amendment – Deprivation of Property

Insofar as Plaintiff also alleges that KVSP officers wrongfully lost and abandoned his property, these allegations also are not sufficient to support a cognizable claim. Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a

12

violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff appears to contend that his property was lost and abandoned by John Doe officers. As the alleged conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Hudson*, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**IV.     Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal,* 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3.    **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated:    **February 16, 2026**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE

14